```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

JOYCE D. BOYD,                  *

    Plaintiff,                *

v.                              *       Civil Action No. BPG-09-0150

MICHAEL J. ASTRUE,              *
Commissioner of
Social Security,                *

    Defendant.                *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Plaintiff, Joyce D. Boyd, brought this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382. Currently pending are plaintiff's Motion for Summary Judgment and defendant's Motion for Summary Judgment. (Paper Nos. 20, 36.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. No hearing is deemed necessary. Local Rule 105.6. For the reasons discussed below, the court denies plaintiff's Motion for Summary Judgment (Paper No. 20) and grants defendant's Motion for Summary Judgment (Paper No. 36).

I.  **Background**

Plaintiff filed a claim for SSI on February 4, 2004, alleging that she became disabled on August 10, 2001 as a result of hepatitis C, hypertension, and liver problems. (R. at 68-69, 82.) Her application was denied initially and on reconsideration. (R. at 6-8, 12-14.) On March 2, 2007, plaintiff, represented by counsel, testified at a hearing before Administrative Law Judge ("ALJ") William B. Harmon. (R. at 315-35.)

In a decision dated June 27, 2007, the ALJ denied plaintiff's application for benefits. (R. at 15-24.) On November 25, 2008, the Appeals Council held that there was no basis for granting review of the ALJ's decision. (R. at 6-9.) Plaintiff timely sought judicial review and now petitions this court for summary judgment reversing the ALJ's decision and awarding plaintiff the benefits she has requested. (Paper Nos. 1, 20.) In the alternative, plaintiff asks this court to remand the matter for further proceedings. (Id.)

II. **Standard of Review**

The role of this court on review is to determine whether the ALJ applied correct legal standards and whether substantial evidence supports the ALJ's decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that which "a reasoning mind would accept as sufficient to support a

particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642
(4th Cir. 1966); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th
Cir. 2001). It is more than a scintilla but less than a
preponderance of the evidence. Id. It is evidence sufficient to
justify a refusal to direct a verdict if the case were before a
jury. Hays, 907 F.2d at 1456. In reviewing for substantial
evidence, the court does not weigh conflicting evidence, make
credibility determinations, or substitute its judgment for that
of the ALJ. Id.

The Commissioner has promulgated regulations that set forth
the following five-step analysis that an ALJ must follow in
determining whether a claimant is disabled:

(1) The ALJ determines whether the claimant is engaged in
substantial gainful activity as defined in 20 C.F.R. §
404.1571 and § 416.971 et seq. If so, the claimant is
not disabled.

(2) If not, the ALJ examines the physical and/or mental
impairments alleged by the claimant and determines
whether these impairments meet the durational and
severity requirements set forth in 20 C.F.R. § 404.1520
and § 416.920. If not, the claimant is not disabled.

(3) If so, the ALJ considers whether the impairment or
impairments, either severally or in combination, meet
or equal an impairment listed in 20 C.F.R. Part 404,
Subpart P, Appendix 1, known as the Listing of
Impairments ("Listings"). If so, the claimant is
disabled.

(4) If not, the ALJ considers whether the claimant retains
the residual functional capacity ("RFC") to do past
relevant work ("PRW"). If so, the claimant is not
disabled.

(5) If not, the ALJ determines whether the claimant is capable of some other work based on the claimant's RFC, age, education, and past work experience. The Commissioner bears the burden of proof at step five. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If the claimant is not capable of other work, the claimant is disabled.

See 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

**III. Discussion**

In his decision, ALJ Harmon found, at step one, that plaintiff is not currently engaged in substantial gainful activity. (R. at 17.) At step two, the ALJ concluded that plaintiff has the following "severe" impairments: "history of alcohol abuse and back and knee pain." (R. at 17-18.) At step three, the ALJ concluded that, if plaintiff stopped abusing alcohol, her limitations would not meet or medically equal one of the Listings. (R. at 18-19.) At step four, the ALJ concluded that plaintiff has no PRW. (R. at 23.) At step five, the ALJ concluded that, based on plaintiff's RFC, age, education, and past work experience, plaintiff is capable of other work that exists in significant numbers in the national economy.[1] Accordingly, the ALJ concluded that plaintiff is not disabled. (R. at 25-26.)

Plaintiff argues that the ALJ erred in four respects.

---

[1] Prior to his step four and step five determination, the ALJ concluded that plaintiff, in the absence of her history of

4

(Pl.'s Mem. Supp. Mot. Summ. J., Paper No. 20-1.)  First, plaintiff argues that the ALJ erred in his consideration of how plaintiff's alcohol abuse impacts her disability determination.  (Id. at 3-4.)  Second, plaintiff argues that the ALJ improperly failed to consider a previous application for SSI benefits that plaintiff filed in 2003.  (Id. at 4-5.)  Third, the ALJ improperly failed to request an additional psychological evaluation after plaintiff's hearing.  (Id. at 5-6.)  Fourth, the ALJ erred by relying on an unsigned report from a consultative examiner.  (Id. at 6.)

### A. The ALJ's Consideration of Plaintiff's History of Alcohol Abuse

A claimant cannot be considered disabled if substance abuse or alcoholism is a "contributing factor material" to the determination that they are disabled.  42 U.S.C. § 1382c(a)(3)(J).  Accordingly, if the ALJ finds that the claimant is disabled and there is evidence of alcohol abuse in a claimant's record, the ALJ must determine whether they would still find that the claimant is disabled if the claimant stopped using alcohol.  20 C.F.R. § 416.935.  In making this determination, the ALJ first evaluates which of the claimant's current physical and mental limitations would remain if the claimant stopped using alcohol.  Id.  The ALJ next determines

---

alcohol abuse, retains the RFC to perform a full range of sedentary work. (R. at 21-23.)

whether any or all of the claimant's remaining limitations would be disabling. Id. If the ALJ determines that the claimant's remaining limitations would not be disabling, the claimant will not be considered disabled. Id.

In the instant case, the record establishes that plaintiff abused alcohol for approximately 20 years, beginning sometime in the 1980s and ending in 2004. (E.g., R. at 197, 200, 332-33.) Since plaintiff abused alcohol after her alleged onset date, August 10, 2001, the ALJ was required to consider the impact of plaintiff's history of alcohol abuse in his disability determination.

Plaintiff appears to take issue with the ALJ's consideration of plaintiff's alcohol abuse at step three of the sequential analysis. At step three, the ALJ first concluded that plaintiff's impairments, including her alcoholism, rise to the level of Listing 12.02 (Organic Mental Disorder). (R. at 18-19.) In so doing, the ALJ relied exclusively on the opinion of Gerald A. Whitmarsh, Ph.D., a Maryland Disability Determination Service ("DDS") consultant. (Id.) After reviewing plaintiff's record on October 29, 2003, Dr. Whitmarsh opined that plaintiff had psychological or behavioral abnormalities associated with a dysfunction of the brain. (R. at 18-19 (citing R. at 250-56).)[2]

---

[2] Dr. Whitmarsh based this conclusion on his findings that plaintiff's impairment resulted in moderate restriction of activities of daily living, moderate difficulties in maintaining

The ALJ next considered whether plaintiff's mental and physical limitations would remain if plaintiff stopped using alcohol. (R. at 19-20.) He concluded that, while limitations related to plaintiff's back and knee pain would remain, plaintiff's mental limitation would not. (Id.) Accordingly, the ALJ concluded that, if plaintiff did not abuse alcohol, her impairments would not meet or medically equal any of the impairments in the Listings, including Listing 12.02. (R. at 20-21.)

In reaching this conclusion, the ALJ evaluated the evidence in the record and determined that, if plaintiff was not abusing alcohol at the time of Dr. Whitmarsh's 2003 evaluation, she would have less severe restrictions and limitations than those reported by Dr. Whitmarsh. (Id.)[3] The ALJ based this determination, in part, on evidence indicating that, since plaintiff stopped abusing alcohol in 2004, her limitations and restrictions are less severe than Dr. Whitmarsh reported in 2003. (See id. (citing plaintiff's testimony that she currently works part-time

---

social functioning, marked difficulties in maintaining concentration, persistence, or pace, and three episodes of decompensation, each of extended duration. (R. at 18-19 (citing R. at 250-56).)

[3] Specifically, the ALJ concluded that plaintiff would have only mild restrictions and limitations in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace, and would have no episodes of decompensation. (R. at 20.)

in a kindergarten class at a public school).)[4]

Plaintiff argues that the ALJ improperly applied 20 C.F.R. § 416.935 by relying on this evidence in determining that plaintiff would not be disabled if she did not use alcohol. (Paper No. 20-1 at 3-4.) Specifically, according to plaintiff, the ALJ's opinion was "contradictory" and "paradoxical" because he "found inexplicably that [plaintiff] would not be disabled if she stopped drinking but yet concedes that she has." (Id.) Plaintiff's argument is unpersuasive. Evidence that plaintiff's functional abilities improved after she stopped abusing alcohol clearly supports a finding that plaintiff's mental impairment would have been less severe in 2003 if she had not been abusing alcohol. Accordingly, the ALJ's reliance on such evidence is not "contradictory" or "paradoxical" and, therefore, he did not err in applying 20 C.F.R. § 416.935.

## B. The ALJ's Failure to Consider Plaintiff's Previous 2003 Application

As noted, plaintiff filed an application for SSI benefits on February 4, 2004. (R. at 68-69.) This is the application that the ALJ reviewed in his June 27, 2007 opinion, which is the

---

[4] The ALJ also based his conclusion that plaintiff's limitations and restrictions are less severe than those reported by Dr. Whitmarsh in 2003 on: (1) Dr. Whitmarsh's opinion in his 2003 report that plaintiff's "condition would be expected to improve in the absence of alcohol"; and (2) notes in a 2003 report by Alan M. Langlieb, M.D., another Maryland DDS consultant, indicating that, if plaintiff was not abusing alcohol at that time, she would only have mild functional limitations and

8

subject of this appeal. (R. at 15.) Prior to that filing, plaintiff filed an application on June 18, 2003. (R. at 80-81.) Plaintiff argues that, since the agency has "made no showing" that it denied plaintiff's June 18, 2003 application, the ALJ erred by failing to also adjudicate plaintiff's June 18, 2003 application in his decision. (Paper No. 20-1 at 4-5.)

While defendant concedes that it "has been unable to obtain an actual denial notice of [plaintiff's] 2003 SSI application," defendant submitted "[i]nternal SSA computer records" with its motion "show[ing] that plaintiff's 2003 application was denied at the initial level of the administrative process" and that the SSA sent a notice of denial on October 29, 2003 to plaintiff's correct address. (Def.'s Mem. Supp. Mot. Summ. J., Paper No. 36-1 at 15; Paper No. 36-3 at 2; see also R. at 77-79 (address listed on application same as address where SSA sent denial notice).) In light of this representation and supporting documentation, the court concludes that the ALJ did not err by failing to consider plaintiff's June 18, 2003 applications since the time for reopening the Social Security Administration's determination denying plaintiff's 2003 application expired prior to his decision. See 20 C.F.R. § 416.1488 (administrative determination denying SSI benefits may only be reopened up to two

---

restrictions. (R. at 20 (citing R. at 200-02, 256)).

9

years from the date of the notice of the initial determination (unless it was obtained by fraud)).

**C.    The ALJ's Failure to Request an Additional Psychological Evaluation**

Plaintiff next argues that, "[s]ince [plaintiff] is clearly alleging a mental impairment due to limited intelligence," the ALJ erred by disregarding plaintiff's counsel's request after plaintiff's hearing that the ALJ order a psychological evaluation to test her intelligence.  (Paper No. 20-1 at 5-6.)

The claimant bears the burden for proving her disability. Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986); 42 U.S.C. § 423(d)(5); 20 C.F.R. § 416.912(a).  The ALJ, however, has a corresponding duty to develop a complete medical record.  Cook v. Heckler, 783 F.2d 1168, 1174 (4th Cir. 1986).  If a claimant has not provided sufficient evidence to support a decision, the ALJ may order a consultative examination. 20 C.F.R. § 416.919a.

An ALJ's opinion is subject to remand if it is based upon a record containing "'evidentiary gaps that result in unfairness or clear prejudice.'"  Fleming v. Barnhart, 284 F. Supp. 2d 256, 272 (D. Md. 2003) (quoting Brown v. Shalala, 44 F.3d 931, 935-36 (11th Cir. 1995)).  At the same time, the medical evidence of record need only be complete enough to make a determination regarding the nature, effects, and duration of a claimant's disability, and the claimant's RFC.  20 C.F.R. § 416.913(e). Thus, on review, a district court considers not whether the

10

medical record before the ALJ was exhaustive, but whether the record was complete enough to allow the ALJ to make all necessary determinations based upon substantial evidence, and whether any gaps in the record led to unfairness or prejudice for the claimant. See Fleming, 284 F. Supp. 2d at 272; 20 C.F.R. § 416.913(e).

In the instant case, the ALJ's failure to order an additional psychological examination to further examine plaintiff's "limited intelligence" does not constitute a gap in the record that would lead to unfairness or prejudice for the claimant. Indeed, plaintiff never alleged that she is disabled due to "limited intelligence" and plaintiff's motion did not identify any record that would support such a finding. Further, the court reviewed the record and did not find any evidence indicating that plaintiff is of "limited intelligence." (See, e.g., R. at 82 (plaintiff can read, write, and speak English); R. at 86 (plaintiff has 12th grade education and did not attend special education classes).) Accordingly, the ALJ did not err by failing to order an additional psychological evaluation.

### D. The ALJ's Reliance on An Unsigned Report From a Consultative Examiner

As noted above, the ALJ concluded that plaintiff retains the RFC to perform sedentary work. In reaching this conclusion, the ALJ cited an unsigned report from David Gross, M.D., a Maryland DDS consultant, who examined plaintiff on June 1, 2004. (R. at

11

23 (citing 262-64).) As relevant to plaintiff's appeal, Dr. Gross opined that plaintiff "should have no difficulty sitting, standing, walking, lifting/carry or handling objects." (R. at 262-64.) The ALJ specifically relied on Dr. Gross's opinion, as well as the opinion of Harry Kakembo, M.D., in rejecting the opinion of Gerald Hofkin, M.D., who examined plaintiff on May 9, 2007, and determined that, in an eight-hour work day, plaintiff is limited to sitting for one hour, standing for two hours, and walking for one hour. (R. at 23.)

Plaintiff argues that the ALJ violated 20 C.F.R. § 416.919o by giving "great weight" to Dr. Gross's unsigned opinion. (Paper No. 20-1 at 6.) Plaintiff is correct that 20 C.F.R. § 416.919o provides that, with certain exceptions not present in this case, an ALJ shall not rely on an unsigned report from a consultative examiner. Plaintiff's argument nonetheless fails because, even without Dr. Gross's opinion, the ALJ cited substantial evidence in support of his conclusion that Dr. Hofkin's opinion is entitled to "no weight." (R. at 23.) In particular, the ALJ relied on the opinion of Dr. Kakembo, who was plaintiff's treating physician, that, in an eight-hour workday, plaintiff could sit for six hours and stand and walk for two hours. (R. at 22-23 (citing R. at 298-304).) Indeed, contrary to plaintiff's assertion, the ALJ gave Dr. Kakembo's opinion "great weight" while only giving Dr. Gross's opinion "weight." (R. at 23.)

## IV. Conclusion

For the foregoing reasons, the court denies plaintiff's Motion for Summary Judgment (Paper No. 20), and grants defendant's Motion for Summary Judgment (Paper No. 36). A separate Order shall issue.


Date: 08-23-10              /s/
                            Beth P. Gesner
                            United States Magistrate Judge